UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

       Petitioner,

v.                                              Case No. 11-10424

LINDA TRIBLEY,

       Respondent.
                                               /

**OPINION AND ORDER DENYING MOTIONS FOR RECONSIDERATION,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
DIRECTING RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Van Jenkins is a Michigan prisoner whose petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 remains pending. On March 23, 2011, the court issued two orders denying Petitioner's application for appointment of counsel and denying Petitioner's motion for a temporary restraining order. On April 7, 2011, Petitioner filed a motion for reconsideration of both orders, and he filed an amended motion for reconsideration on May 17, 2011. On August 8, 2011, Petitioner filed a second motion for appointment of counsel, which the court treats separately. The court will deny all motions.

**I. Motions for Reconsideration**

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration shall be granted if the movant can "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," and show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). As applied to Petitioner's motions,

this would require a showing that the court's previous orders were based upon a material mistake of fact or law regarding whether counsel should be appointed or whether a temporary restraining order can issued.  Petitioner fails to present either a palpable defect in the prior orders, nor does he present sufficient changed circumstances to warrant appointment of counsel.

To the extent that Petitioner's motions seek the issuance of a temporary restraining order, they provide nothing more than additional factual assertions of reasons such order is necessary, specifically, the alleged subsequent injury, intimidation, and retaliation.  However, this does not address the legal insufficiency of the motion.  As the court previously stated,

> As this motion seeks an injunction regarding the conditions of Petitioner's confinement, rather than the validity of Petitioner's confinement itself, the motion is inappropriate in a § 2254 petition.  *See Hodges v. Bell*, 170 F. App'x 389, 392 (6th Cir. 2006).  Such a motion could be appropriately brought in a civil rights complaint pursuant to 42 U.S.C. § 1983.  *Id.* "Constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id.* (quoting *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (modification in the original)).

(3/23/2011 Order Denying Motion for TRO at 1-2 (footnote omitted).)  Petitioner retains the right to file a prisoner civil rights action.  Therefore, no palpable defect is apparent in the previous order, and the court will deny the motion for reconsideration.

To the extent that Petitioner's motions seek reconsideration of the court's previous order denying appointment of counsel, he again fails to present a palpable defect.  The motions focus on the alleged physical assaults upon Petitioner following the court's orders of March 23, 2011.  Petitioner then requests appointment for an entirely distinct reason: "to pursue 28 U.S.C. 2241 regarding this Disciplinary Action" related to

2

the incident of assault alleged by Petitioner. (Pet. Amend. Mot. Reconsideration ¶ 48.) No palpable defect could arise from events alleged to have occurred after the court's order. Additionally, as addressed above, the investigation of a prisoner civil rights claim is not appropriate in an action for a writ of habeas corpus. Therefore, the court will deny the motions for reconsideration.

## II. Motion to Appoint Counsel

The court addresses Petitioner's second motion to appoint counsel separately because it asserts a change of circumstances not addressed in the court's order of March 23, 2011. Although Petitioner reiterates many of the same arguments addressed above and in the court's previous orders, he also asserts that he suffered a fracture around his elbow as a result of an altercation. This may hinder Petitioner to some degree, but it is not sufficient to convince the court that appointment of counsel is necessary. Courts reviewing applications for appointment of counsel by habeas petitioners apply their sound discretion to appoint counsel or not, as the interest of justice dictates. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Appointment of counsel in a habeas proceeding is mandatory only where the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); *see also* Rule 8(c), 28 U.S.C. foll. § 2254. The court finds the case is not complex or otherwise such that appointment of counsel would serve the interests of justice. The court has addressed above Petitioner's claims of assault and civil rights violations, which are not properly part of the narrow issue in this matter. Therefore, the complexity Petitioner imagines arising out of those allegations plays no role in the court's decision.

Petitioner's fracture, though unfortunate, does not significantly impair his ability to prepare and present his case.  Petitioner has been able to file three motions since the incident, and he presents no reason to believe he will not continue to be capable of functioning on his own behalf in this matter.  Therefore, the court will deny Petitioner's motion to appoint counsel.

### III.  Direction of Response by Petitioner

On August 10, 2011, Respondent Linda Tribley filed a motion for summary judgment on the grounds that his petition is barred by the applicable statute of limitations.  The court will direct Petitioner to respond, in writing, on or before **September 19, 2011**.  The court will direct Respondent to file any reply on or before **October 10, 2011**.

### IV.  Conclusion

IT IS ORDERED that Petitioner's motions for reconsideration [Dkt. ## 10 & 11] are DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to appoint counsel [Dkt. # 13] is DENIED.

IT IS FURTHER ORDERED that Petitioner is DIRECTED to file a response to Respondent's motion for summary judgment on or before **September 19, 2011**, and Respondent is DIRECTED to file any reply on or before **October 10, 2011**.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2011, by electronic and/or ordinary mail.

                                     s/Lisa G. Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522