# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VAN JENKINS,

       Petitioner,

v.                                   Case No. 11-10424

LINDA TRIBLEY,

       Respondent.

_____/

## ORDER DENYING PETITIONER'S "PETITION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY" AND EXTENDING DEADLINE FOR PETITIONER'S RESPONSE TO RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On September 8, 2011, Petitioner Van Jenkins filed a notice of appeal stating he was appealing Magistrate Judge R. Steven Whalen's February 10, 2011 order instructing Respondent to file a response to Petitioner's habeas corpus petition and the court's August 16, 2011 order denying Petitioner's motions for reconsideration and appointment of counsel, and directing Jenkins to file a response to Respondent's motion for summary judgment. Jenkins filed a certificate of appealability ("COA") petition on September 23, 2011. For the reasons stated below, the court will deny, without prejudice, Jenkins' petition for a COA because the petition is premature. But, the court will grant Jenkins additional time to file a response to Respondent's motion for summary judgment.

Under 28 U.S.C. § 2253, "[i]n a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). However, "an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus

proceeding" unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1)(A).

The plain language of § 2253 does not contemplate the court issuing a COA authorizing

a petitioner to appeal non-final orders.  For good reason.  Under the final judgment rule,

review of district court decisions by the courts of appeals is—subject to a limited number

of exceptions that are not relevant in this matter—limited to "final decisions."  28 U.S.C.

§ 1291.  A final decision is "one which ends the litigation on the merits and leaves

nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S.

229, 233 (1945) (construing section 128 of the Judicial Code, 28 U.S.C. § 225(a)).

Magistrate Judge Whalen's February 10, 2011 order and the court's August 16, 2011

order do not terminate Jenkins' petition for habeas corpus, and therefore, are not final

decisions susceptible to review by the Sixth Circuit.  Thus, the court concludes that

Jenkins' COA petition is premature and must be denied without prejudice.

However, after reviewing the COA petition, the court believes that Jenkins may

have intended the petition to serve as his court-ordered response to Respondent's

motion for summary judgment.  Instead of interpreting the COA petition as Jenkins'

response, the court concludes that granting him additional time to file a properly-titled

response to Respondent's motion will ensure that Jenkins has a full and fair opportunity

to respond to the motion.  Jenkins should, to the best of his abilities, focus his response

on the arguments made by Respondent in its motion for summary judgment.

Accordingly,

IT IS ORDERED that Petitioner's "Petition for Issuance of Certificate of

Appealability" [Dkt. # 21] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner is DIRECTED to file a response to

Respondent's motion for summary judgement on or before **October 14, 2011**, and

Respondent is DIRECTED to file any reply on or before **October 28, 2011.**


       s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 4, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 4, 2011, by electronic and/or ordinary mail.

       s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10424.JENKINS.Deny.COA.jrc.wpd