UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

    Petitioner,

v.                               Case No. 11-10424

LINDA TRIBLEY,

    Respondent.
                                      /

**OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING RESPONDENT TO FILE AN ANSWER TO PETITION**

Petitioner Van Jenkins has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is Respondent Linda Tribley's motion for summary judgment, filed in lieu of an answer, seeking to dismiss the petition as untimely. For the reasons set forth below, the court will deny Respondent's motion and direct her to file an answer to the petition.

**I. BACKGROUND**

Petitioner seeks relief from two separate judgments of conviction entered by the Washtenaw County Circuit Court in 2008. In the first case, CRW-07-967-FH, Petitioner pleaded no contest to one count of breaking and entering with intent and one count of malicious destruction of a building, and was sentenced on March 6, 2008.[1] In the

---

[1] Although Petitioner clearly states in the habeas petition that he seeks relief from his conviction in CRW-07-967-FH, (*See* Pet. 1, Dkt. # 1.), Respondent appears to assume that Petitioner seeks review only of his of conviction in CRW-08-1329-FH. As a result, Respondent has not filed Rule 5 materials related to CRW-07-967-FH, and the court is unable to determine whether Petitioner sought appellate review in that case or when the judgment became final for purposes of the initiation of the statute of limitations under 28 U.S.C. § 2244. Accordingly, to the extent Respondent seeks summary

second case, CRW-08-1329-FH, Petitioner entered a plea of no contest to two counts of identity left and was sentenced on October 30, 2008. Following his sentencing in Case Number CRW-08-1329-FH, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals denied the application, finding that the appeal lacked merit. *People v. Jenkins*, No. 291738, (Mich. Ct. App. June 3, 2009). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on September 28, 2009. *People v. Jenkins*, 772 N.W.2d 371 (Mich. 2009).

On July 1, 2010, Petitioner filed a state petition for habeas corpus with the Gogebic County Circuit Court, in which he purportedly challenged his convictions in both Case Numbers CRW-07-967-FH and CRW-08-1329-FH. The circuit court denied the petition on July 13, 2010, *Jenkins v. Mich. Parole Bd.*, No. G-10-197-AH (Gogebic Cnty. Cir. Ct. July 13, 2010), Dkt. # 1-1 at 8, and a timely filed motion for reconsideration on August 10, 2010, *Jenkins v. Mich. Parole Bd.*, No. G-10-197-AH, (Gogebic Cnty. Cir. Ct. Aug. 10, 2010), Dkt. # 1-1 at 9. Petitioner then sought review of the circuit court's denial of his state petition with the Michigan Court of Appeals. The Michigan Court of Appeals, however, returned Petitioner's application, informing him that he failed to satisfy the filing fee requirement imposed by Mich. Comp. Law § 600.2963. *Jenkins v. Mich. Parole Bd.*, No. 299924 (Mich. Ct. App. Nov. 1, 2010). The Michigan Supreme Court also returned to Petitioner a subsequently-filed application for leave to appeal on the

---

judgment as to Petitioner's claims challenging his conviction in CRW-07-967-FH, the court must deny such a request, as the evidence, *i.e.*, lack thereof, cannot support a finding of untimeliness with respect to claims arising from that case.

same grounds. *Jenkins v. Mich. Parole Bd.*, 791 N.W.2d 117 (Mich. 2010).

On February 3, 2011, Petitioner submitted a signed and partially-dated habeas petition to this court, which the court treats, pursuant to the "prison mailbox rule" as having been filed on January 25, 2011.[2]  Respondent moved for summary judgment on August 10, 2011, asserting that the petition should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions.  Petitioner filed a response to the motion on October 26, 2011, arguing, *inter alia*, that the statute

---

[2]Petitioner dated his petition "1-  -2011," failing to indicate the day on which he signed it.  Generally, under the "prison mailbox rule," a federal habeas petition is deemed filed the moment the petitioner gives the petition to a prison official for mailing, *Freenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004), and, absent contrary evidence, a court will assume the prisoner gave his petition to prison officials on the date he signed it, *Wampler v. Mills*, 60 F. App'x 594, 596 (6th Cir. 2003).  Other courts presented with an undated petition have either declined to apply the "prison mailbox rule," using instead the date the court received the petition as the date of filing, *see Boldiszar v. Prelensnik*, No. 2:08-CV-10965, 2009 WL 1956931 (E.D. Mich. July 8, 2009) (finding a prisoner's undated petition untimely where the prisoner failed to present any evidence establishing the date on which he gave the petition to prison officials); *Adams v. Dretke*, No. 3:03-CV-1604-CD, 2005 WL 910536 (N.D. Tex. Apr. 20, 2005) (holding that where the record does not reflect when the petitioner submitted his undated petition to prison officials, the date of receipt by the court is considered the date of filing), or have looked to the date an ancillary filing, such as an application to proceed *in forma pauperis*, was signed to determine the earliest point a petition could have been signed and tendered to prison officials, *see Stokes v. Cain*, No. 08-0806, 2008 WL 3915059, (W.D. La. July 14, 2008) (holding that an undated petition, received on June 9, 2008, was filed on June 4, 2008, the date the prisoner signed his *in forma pauperis* application).

Here, the court received Petitioner's *in forma pauperis* application and motion for the appointment of counsel, both dated January 25, 2011, on the same day it received the petition.  Accordingly, unlike the evidentiary records confronted by the courts in *Boldiszar* and *Adams*, there is sufficient evidence to support a finding that the petition was signed and tendered to prison officials on January 25, 2011, the day Petitioner dated his ancillary filings.  Thus, the court treats the petition as being filed on January 25, 2011.  Such a determination in this case, however, does not affect the statute of limitations analysis, as the court ultimately concludes that the limitations period did not expire until February 7, 2011.

of limitations was tolled during the time his state habeas petition was pending.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Under Rule 56, the party seeking summary judgment has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact." *Id.* 56(c)(1)(B). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita*, 475 U.S. at 587).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Absent equitable tolling, a habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period

5

expired).

## III.  DISCUSSION

Because Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court, his conviction in Case Number CRW-08-1329-FH became final on December 28, 2009, 90 days after the Michigan Supreme Court denied his application for leave to appeal.  *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007).  Accordingly, Petitioner was required to file his federal habeas petition on or before December 28, 2010, excluding any time during which a "properly filed" application for state post-conviction or collateral review was "pending" in accordance with 28 U.S.C. § 2244(d)(2).  A state application for post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Furthermore, a state application remains "pending" while a timely filed motion for reconsideration or rehearing is before a state court.  *Sherwood v. Prelesnik*, 579 F.3d 581 (6th Cir. 2009) (holding that a motion for rehearing filed with the Michigan Supreme Court continued to toll AEDPA's one-year statute of limitations); *accord Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) ("AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas petitioner has *filed* . . . a motion [for reconsideration].").  *But see Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) ("Any [state] provision allowing time for a rehearing petition has no bearing on AEDPA's one-year statute of limitations.").  While much of Petitioner's responsive brief is incomprehensible, he appears to argue that despite filing his petition on January 25, 2011, approximately 13 months after his conviction in Case Number CRW-08-1329-FH became final, his petition is nevertheless

timely because the limitations period was tolled while his state habeas petition was pending before the state courts. (Pet'r's Resp. to Resp't's Mot. Summ. J. 4, Dkt. # 24.)

Respondent, citing *Powell v. McKee*, No. 10-12866, 2011 WL 1344581 (E.D. Mich. Apr. 8, 2011), contends that a state habeas petition, such as the one Petitioner filed in the Gogebic County Circuit Court, does not toll the period of limitations under 28 U.S.C. § 2244(d)(2). While *Powell*, in fact, states that "state habeas petitions do not toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2)," 2011 WL 1344581 at *4 (citing *Jackson v. Curtis*, 2005 U.S. Dist. Lexis 29254, at *10 (E.D. Mich. Nov. 23, 2005), such an unequivocal rule is not supported by the reasoning in *Jackson*, the case the *Powell* court cites in support of the proposition. In *Jackson*, the court, after reviewing the Michigan Court Rules and various Michigan Court of Appeals cases, concluded that a Michigan prisoner is not entitled to tolling of the limitations period while a state habeas petition is pending "because a state petition for writ of habeas corpus is not considered a form of post-conviction review in Michigan." *Jackson*, 2005 U.S. Dist. Lexis 29254 at * 10. *Jackson's* comprehensive analysis of the post-conviction review framework in Michigan, however, omits one instance, relevant in this case, in which a state habeas petition *is* a permissible form of post-conviction review under Michigan law. In *People v. Price*, 179 N.W.2d 177 (Mich. Ct. App. 1970), the Michigan Court of Appeals recognized the general principle that a state habeas petition "cannot be used to review the merits of a criminal conviction," but observed that, under Michigan law, "habeas corpus is open to a convicted person in one narrow instance, . . . and that is where the convicting court was without jurisdiction to try the defendant for the crime in question." 179 N.W.2d at 180. Thus, despite *Jackson's* general observation that a

"state habeas petition [is] not an application for state post-conviction relief recognized as such under Michigan's court rules and procedures governing post-conviction relief in Michigan," a petition challenging the trial court's jurisdiction is recognized as a proper application for state post-conviction relief in Michigan.  Accordingly, such a petition tolls the limitations period under § 2244(d)(2) so long as the procedural requirement enunciated in that subsection is satisfied.

In the instant case, Petitioner claims that his state petition challenged his convictions in the Washtenaw County Circuit Court on the grounds that the trial court lacked jurisdiction.  Based upon the record currently before the court, however, it is not completely clear whether Petitioner's contention is true.  Neither Petitioner nor Respondent has submitted Petitioner's state habeas petition originally filed in the Gogebic County Circuit Court, and the Gogebic County Circuit Court's short, one-page orders denying the state petition and Petitioner's subsequent motion for reconsideration do not directly address Petitioner's purported challenge to the convicting court's jurisdiction.  *See Jenkins v. Mich. Parole Bd.*, No. G-10-197-AH (Gogebic Cnty. Cir. Ct. July 13, 2010), Dkt. # 1-1 at 8; *Jenkins v. Mich. Parole Bd.*, No. G-10-197-AH, (Gogebic Cnty. Cir. Ct. Aug. 10, 2010), Dkt. # 1-1 at 9.  Nevertheless, Petitioner's application for leave to appeal the circuit court's denial of his state habeas petition suggests that Petitioner, indeed, included a challenge to the convicting court's jurisdiction in his original state habeas petition.  Under "Statement of Questions Involved," Petitioner identifies as an issue for review: "Did the Lower [sic] court have proper Jurisdiction [sic] over the subject matter from [sic] proper information? The Trial court answers Yes; Petitioner-Appellant answers No."  (Application for Leave to Appeal 2, Dkt. # 1 at 21.)

8

Petitioner later argues in the application that the convicting court lacked jurisdiction as a result of the misidentification of charges and a delay in his arrest. (*Id.* at 3, Dkt. # 1 at 26.) Because the court must view all evidence in a light most favorable to Petitioner, the court concludes that a genuine issue of material fact exists as to whether Petitioner challenged the convicting court's jurisdiction in his state habeas petition. In accordance with the Sixth Circuit's directive in *Sagan* to draw all reasonable inferences in favor of the non-moving party on a motion for summary judgment, the court, for the purposes of Respondent's motion, will assume that Petitioner challenged the trial court's jurisdiction, and, thus, the petition tolled AEDPA's one-year statute of limitations so long as it was "properly filed."

Petitioner's state petition was "properly filed" in the Gogebic County Circuit Court on July 1, 2010. That court accepted the petition, did not suggest any deficiencies in Petitioner's compliance with the relevant procedural rules, and ultimately addressed, at least in part, the merits of his claims. Furthermore, despite the circuit court's denial of the petition on July 13, 2010, it remained "pending" before that court until August 10, 2010, the day on which the court denied Petitioner's timely filed motion for reconsideration. Neither party addresses whether the state petition remained "pending" during the time period Petitioner sought state appellate review of the circuit court's denial of his petition. Petitioner filed applications for leave to appeal with both the Michigan Court of Appeals and the Michigan Supreme Court, each of which were returned to Petitioner for failing to pay the required filing fees. *Jenkins v. Mich. Parole Bd.*, No. 299924 (Mich. Ct. App. Nov. 1, 2010); *Jenkins v. Mich. Parole Bd.*, 791 N.W.2d 117 (Mich. 2010). It is unnecessary, however, to determine whether the state petition

9

was "pending" during Petitioner's unsuccessful attempt to seek appellate review of the circuit court's denial of his state habeas petition because the foregoing analysis makes clear that the petition was "properly filed" and "pending" before the Gogebic County Circuit Court for 45 days. Thus, pursuant to § 2244(d)(2), the limitations period was tolled, at a minimum, for 45 days, and did not expire until February 7, 2010, 13 days after Petitioner filed his federal habeas petition in this court. Accordingly, after construing the evidence in a light most favorable to the non-moving party, at least as to Petitioner's claims arising from Case Number CRW-08-1329-FH, the federal petition appears at this stage to be timely.

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Respondent's motion for summary judgment [Dkt. # 14] is DENIED.

IT IS FURTHER ORDERED that Respondent is DIRECTED to file an answer to Petitioner's federal habeas claims within 60 days of the date of this order.

Finally, IT IS ORDERED that Respondent is DIRECTED to file, pursuant to Rules 5 and 7 of the Rules Governing Section 2254 Cases, the entire state record from cases CRW-07-967-FH and CRW-08-1328-FH, including all briefing associated with

Petitioner's state habeas petition filed with the Gogebic County Circuit Court, at the time she files its answer.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated:  March 22, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 22, 2012, by electronic and/or ordinary mail.

                                      s/Lisa Wagner
                                      Case Manager and Deputy Clerk
                                      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10424.JENKINS.Deny.SJ.2254.jrc.2.wpd