**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VAN JENKINS,

        Petitioner,

v.                                   Case No. 11-10424

LINDA TRIBLEY,

        Respondent.

_____/

**OPINION AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS,**
**DENYING PETITIONER'S MOTION FOR AN INJUNCTION,**
**AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Van Jenkins has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Washtenaw County convictions for identity theft, Mich. Comp. Laws § 445.65, and obtaining or possessing personal identifying information with intent to commit identity theft, Mich. Comp. Laws § 445.67.  Petitioner raises several issues regarding the state trial court's jurisdiction, his arraignment, his no contest plea in Washtenaw County Circuit Court, his sentence, and the state collateral proceedings.  Petitioner also moves separately for an injunction.  For the reasons set forth below, the court will deny the petition for writ of habeas corpus, deny Petitioner's motion for an injunction, and deny a certificate of appealability.

## I.  BACKGROUND

### A.  The State Court Proceedings

In 2008, the Washtenaw County Circuit Court entered two separate judgments of conviction against Petitioner.  In the first case, CRW-07-967-FH, Petitioner pleaded no contest to one count of breaking and entering with intent and one count of malicious destruction of a building, and was sentenced on March 6, 2008.  For ease of reference, the court will refer to this conviction as the breaking-and-entering case.  In the second case, CRW-08-1329-FH, Petitioner entered a plea of no contest to one count of identity theft and one count of obtaining or possessing identifying information with intent to commit identity theft, and was sentenced on October 30, 2008.  The court will refer to this conviction as the identity-theft case.

Previously, in its March 22, 2012 order denying Respondent's motion for summary judgment, the court observed that there was some question as to whether Petitioner was challenging both judgments or only the second, and determined that Petitioner was challenging his convictions in both cases.  Upon further review, the court concludes that although Petitioner mentions both convictions in his habeas petition, Petitioner is challenging only his second conviction for identity theft and obtaining or possessing personal identifying information with intent to commit identity theft, obtained in case number CRW-08-1329-FH.[1]

_____

[1] The court reaches the conclusion that Petitioner is challenging only his second conviction for several reasons.  Petitioner appealed only his second conviction and his habeas petition focuses on that conviction.  Furthermore, Petitioner has not objected to Respondent's contention that his habeas petition challenges only the second conviction. Finally, under Rule 2(e) of the Rules Governing § 2254 Cases in the United States District Courts, "[a] petitioner who seeks relief from judgments of more than one state

Following his sentencing in the identity-theft case, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals. Petitioner argued that he was entitled to fifty-one days of sentencing credit for time spent in jail before he was sentenced. This argument is now claim one of Petitioner's habeas petition. The Michigan Court of Appeals denied Petitioner's application "for lack of merit in the grounds presented."[2] *People v. Jenkins*, No. 291738 (Mich. Ct. App. June 3, 2009). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on September 28, 2009.[3] *People v. Jenkins*, 772 N.W.2d 371 (Mich. 2009).

On July 1, 2010, Petitioner filed a state petition for writ of habeas corpus in Gogebic County Circuit Court. The petition raised similar issues to the ones that now comprise claims two through six of the federal habeas petition. The circuit court denied the petition on July 13, 2010, *Jenkins v. Mich. Parole Bd.*, No. G-10-197-AH (Gogebic Cnty. Cir. Ct. July 13, 2010), and denied a motion for reconsideration on August 10, 2010, *Jenkins v. Mich. Parole Bd.*, No. G-10-197-AH, (Gogebic Cnty. Cir. Ct. Aug. 10, 2010). Petitioner then sought review of the circuit court's denial of his state petition with the Michigan Court of Appeals. The Michigan Court of Appeals, however, returned

_____

court must file a separate petition covering the judgment or judgments of each court."

[2] Michigan Court of Appeals Judge Douglas B. Shapiro voted to "hold [the case] in abeyance pending the outcome of *People v. Idziak*, Michigan Supreme Court Docket No. 137301."

[3] Supreme Court Justice Marilyn J. Kelly voted to grant leave to appeal for the reasons given in her opinion in *People v. Idziak*, 773 N.W.2d 616 (Mich. 2009), and Justice Michael F. Cavanagh voted to grant leave to appeal to reconsider *Idziak*.

Petitioner's application, informing him that he failed to satisfy the filing fee requirement imposed by Mich. Comp. Law § 600.2963.  *Jenkins v. Mich. Parole Bd.*, No. 299924 (Mich. Ct. App. Nov. 1, 2010).  The Michigan Supreme Court also returned to Petitioner a subsequently-filed application for leave to appeal on the same grounds.  *Jenkins v. Mich. Parole Bd.*, 791 N.W.2d 117 (Mich. 2010).  Petitioner failed to pay the partial filing fee, and on March 2, 2011, the clerk of the Michigan Supreme Court was ordered to close Petitioner's case.  *See Jenkins v. Michigan Parole Board*, 794 N.W.2d 327 (Mich. 2011).

### B.  The Federal Court Proceedings

Early in 2011, Petitioner filed his federal habeas petition.[4]  The petition alleges seven claims:  (1) Petitioner is entitled to fifty-one days of jail credit; (2) the trial court's judgment is void for lack of jurisdiction; (3) Petitioner was denied his right to counsel at the arraignment; (4) Petitioner's no contest plea was involuntary; (5) Petitioner's sentence is excessive; (6) the Gogebic County Circuit Court erred when it concluded that his minimum sentence began to run on October 30, 2008; and (7) the state courts' denial of pauper status deprived him of his right of access to the courts.

Respondent moved for summary judgment alleging that Petitioner failed to comply with the one-year statute of limitations.  The court denied the motion and directed Respondent to file an answer to the petition.  In her subsequent answer, Respondent maintains that Petitioner failed to comply with the statute of limitations.

---

[4] Although the Clerk of the Court filed the petition on February 23, 2011, under the "prison mailbox rule," the court has treated the petition as having been filed on January 25, 2011, the day Petitioner dated his ancillary filings and presumably tendered those filings together with the habeas petition to prison officials.  (*See* Dkt. # 29. )

Respondent also asserts that Petitioner failed to exhaust state remedies for habeas

claims two through seven and that, in any event, Petitioner's claims lack merit or are not

cognizable on habeas review.

## II.  STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for

persons in state custody is provided by 28 U.S.C. § 2254, as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*,

131 S. Ct. 770, 783 (2011).  AEDPA imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362,

405–06 (2000).  An "unreasonable application" occurs when "a state-court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case[.]"

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

5

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)." *Renico v. Lett*, 559  U.S. 766, 773 (2010).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*  (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).  To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

The state-court decisions in this case provide little reasoning to review. Petitioner raised his first claim on direct appeal where the Michigan Court of Appeals denied relief in one sentence, stating that leave to appeal was denied "for lack of merit in the grounds presented."  The Michigan Supreme Court subsequently denied leave to appeal in one sentence, stating that it was not persuaded to review the issues. Petitioner also appears to have raised claims two through six in his state habeas petition where the state circuit court denied relief in a cursory order and where the

6

state's appellate courts rejected Petitioner's pleadings for failure to comply with the

filing requirements.  Despite the limited reasoning to review,

> the Supreme Court has made clear that AEDPA deference applies even
> where the state courts have provided no reasoning.  *Cullen v. Pinholster*,
> —— U.S. ——, 131 S. Ct. 1388, 1402, 179 L. Ed.2d 557 (2011).  In such
> cases, [courts] must determine what arguments could have supported the
> state-court decision and then determine whether reasonable jurists could
> disagree.  *Pinholster*, 131 S.Ct. at 1402.  This is a "modified form of AEDPA
> deference," in which the court focuses on the result rather than the
> reasoning of the state court.  *Hawkins v. Coyle*, 547 F.3d 540, 546 (6th Cir.
> 2008).

*Peoples v. Lafler*, 734 F.3d 503, 516-517 (6th Cir. 2013).

### III.  DISCUSSION

### A.  Sentencing Credit

Petitioner alleges in claim one that he is entitled to fifty-one days of sentencing

credit for the time he spent in jail between his arraignment on September 9, 2008, and

his sentencing on October 30, 2008.  The trial court, with defense counsel's approval,

declined to grant any sentencing credit because Petitioner was on parole for a Jackson

County case at the time he committed the offenses in the Washtenaw County cases.

(Sentencing Tr., 3-4, Oct. 30, 2008.)  Petitioner, however, states that, because he had

already served his minimum sentence in the Jackson County case and was not

required to serve any additional time for violating parole in that case, there was no prior

sentence which could be credited with his time in jail.  Thus, according to him, the time

that he spent in jail on the identity-theft case was "dead time."

Petitioner has no right to relief on this claim because "[a] state court's alleged

misinterpretation of state . . . crediting statutes is a matter of state concern only,"

*Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief

does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Thus,

the computation of a prison term "involves a matter of state law that is not cognizable

under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003).

Even if Petitioner's claim was cognizable on habeas review, it lacks merit.  In

Michigan, a defendant in a criminal case normally is given credit on his sentence for

the time spent in jail prior to sentencing.  *See* Mich. Comp. Laws § 769.11b

("Whenever any person is hereafter convicted of any crime within this state and has

served any time in jail prior to sentencing because of being denied or unable to furnish

bond for the offense of which he is convicted, the trial court in imposing sentence shall

specifically grant credit against the sentence for such time served in jail prior to

sentencing").  The Michigan Supreme Court, however, has held that this statute does

not apply to parolees who commit new felonies while on parole because

> once arrested in connection with the new felony, the parolee continues to
> serve out any unexpired portion of his earlier sentence unless and until
> discharged by the Parole Board.  For that reason, he remains incarcerated
> regardless of whether he would otherwise be eligible for bond before
> conviction on the new offense.  He is incarcerated not 'because of being
> denied or unable to furnish bond' for the new offense, but for an
> independent reason.

*Idziak*, 773 N.W.2d at 624.  In other words, "the parolee is 'liable, when arrested, to

serve out the unexpired portion of his or her maximum imprisonment' and actually

resumes serving that term of imprisonment on the date of his availability for return to

the [Department of Corrections]," which normally is the date of arrest.  *Id.* at 626.

Petitioner was on parole for the Jackson County case when he committed the

crimes that led to his arrest and conviction in his identity-theft case.  Therefore, the

time that he served in jail before his sentencing in the identity-theft case would have

8

been applied to the unexpired portion of his sentence in the Jackson County case. This result does not violate Petitioner's right to not receive multiple punishments for the same offense, because Petitioner "continued to serve out his earlier sentence after he was arrested.  He was not subjected to multiple terms of confinement for his new offenses." *Id.* at 628.

Nor does the denial of credit toward the minimum sentence in the identity-theft case violate Petitioner's rights to due process and equal protection of the law.  "[B]oth parolees and nonparolees receive credit for time served."  *Id.* at 629.  Nonparolees receive credit against their minimum sentences under the jail credit statute, and parolees are granted credit against the unexpired portion of their earlier sentences.  *Id.* Although Petitioner would have preferred to receive credit on his new sentence, "it is entirely rational for the [state] legislature to treat parolees and non parolees differently in this regard because parolees are continuing to serve out existing prison sentences after being granted mere conditional releases."  *Id.*

The court will deny Petitioner's first claim.

## B.  The Trial Court's Judgment

Petitioner's second claim alleges that the state trial court lacked subject matter jurisdiction in his case.  Petitioner appears to be arguing that the judgment of sentence was void because (1) the charges were misrepresented, (2) the statute of limitations had expired, and (3) the trial court breached the *Cobbs* agreement[5] because it failed to

---

[5] *See People v. Cobbs*, 505 N.W.2d 208, 212 (Mich. 1993) (acknowledging that, "[a]t the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense") (emphasis omitted).

9

have Petitioner sign a written form memorializing the plea agreement.

These claims lack merit for several reasons. First, "[f]ederal habeas corpus relief can be granted only for violation of the Constitution or laws of the United States," and the "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). Further, even if Petitioner's claim were cognizable on habeas review, he still could not prevail. Subject matter jurisdiction is the right of a court to exercise judicial power over a class of cases. *People v. Goecke*, 579 N.W.2d 868, 876 (Mich.1998). Petitioner was charged with two felonies, and state "circuit courts have original jurisdiction over all criminal cases involving felonies." *People v. Scott*, 739 N.W.2d 702, 704 n.1 (Mich. Ct. App. 2007) (citing Mich. Comp. Laws § 600.601). The Washtenaw County Circuit Court therefore had subject-matter jurisdiction in Petitioner's case.

Second, the record does not support Petitioner's challenge to the validity of the charges against him. At Petitioner's plea proceeding, the prosecutor explained that Petitioner discovered a person with the same name on the Internet, used that person's identity to acquire a credit card with J.P. Morgan Chase, and purchased goods or services with the credit card without permission from the person whose identity he stole. Because Petitioner did not object to this summary of the facts (Plea Tr., 7, Oct. 9, 2008), his challenge to the validity of the charges against him fails.

Third, although Michigan has a statute of limitations defense, *see* Mich. Comp.

10

Laws § 767.24, in a criminal case it "is a nonjurisdictional, waivable affirmative defense." *People v. Burns*, 647 N.W.2d 515, 518 (Mich. Ct. App. 2002). Petitioner waived the statute of limitations defense when he pleaded no contest. *People v. Bulger*, 614 N.W.2d 103, 112 n.7 (2000), *overruled in part on other grounds in Halbert v. Michigan*, 545 U.S. 605 (2005).

Finally, whether the trial court violated a technicality of law by not giving Petitioner a written plea agreement to sign is an issue of state law, and "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "[A] federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

For the foregoing reasons, the court will deny Petitioner's second claim.

### C.  Right to Counsel

Petitioner alleges next that he was denied his right to counsel at his arraignment. He claims that, if counsel had represented him at his arraignment, counsel could have contested subject matter jurisdiction and argued that the charges were misrepresented, that the statute of limitations had expired, and that the multiple charges violated double jeopardy principles.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.'" *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (per curiam) (quoting *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004)). This right to counsel applies to "pretrial critical stages that are part of the whole course of a criminal proceeding, *Lafler v. Cooper*, 132 S. Ct.

11

1376, 1385 (2012), including "the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie Cnty, Tex.,* 554 U.S. 191, 194 (2008).  The Supreme Court has "pegged commencement" of the right to " 'the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment,' "  *Id.* at 198 (citations omitted).

The record before the court does not indicate whether Petitioner was represented by counsel at his arraignment.  However, assuming Petitioner was not represented by counsel and did not waive the right to counsel, he subsequently pleaded no contest, and the court is not required to review nonjurisdictional claims arising from events that occurred before he pleaded no contest.  As explained in *Tollett v. Henderson*, 411 U.S. 258 (1973):

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759 (1970)].

*Id.* at 267.  Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea.  In such a case, the court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *United States v. Broce*, 488 U.S. 563, 569 (1989).  Counsel represented Petitioner at the plea proceeding, and the record indicates that his plea was knowing, intelligent, and

voluntary.  As such, Petitioner has waived his right to challenge the alleged lack of representation at his arraignment.

The court will deny Petitioner's third claim.

### D.  The Voluntariness of the Plea

Next, Petitioner alleges that his no contest plea was unlawfully induced and involuntary.  Specifically, Petitioner contends that (1) he did not understand the nature of the charges, nor the consequences of his plea, (2) the trial court breached the agreement to place a two-year cap on the sentence by not ordering his sentence to run concurrently with the breaking-and-entering sentence imposed on March 6, 2008, and (3) the prosecutor failed to establish a factual basis for the plea.

Because a guilty or no contest plea involves a waiver of constitutional rights, it must not only be voluntary, but also a knowing and intelligent act, "done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748 (1970).  The defendant must appreciate the consequences of his waiver of constitutional rights, waive his rights without being coerced to do so, and understand the rights that he is surrendering.  *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (citing *Brady*, 397 U.S. at 748–50, and *Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008).  Courts must consider all the relevant circumstances when determining whether a plea was voluntary.  *Brady*, 397 U.S. at 749.

The record reveals that Petitioner understood the consequences of his plea, that he waived his rights without being coerced to do so, and that he understood the rights he was surrendering.  At the plea proceeding on October 9, 2008, the trial court

13

explained to Petitioner that the maximum penalty for the charges was five years in prison and/or $25,000.  Petitioner then stated that he understood what it meant to plead no contest and that he wanted to plead no contest.  Petitioner also stated that he understood the trial and appellate rights he was waiving by pleading no contest.  He said that no one had promised him anything beyond what was in the plea agreement and that no one had threatened him or forced him to plead no contest.  Finally, Petitioner stated that it was his own choice to plead no contest.  (Plea Tr., 4-6, Oct. 9, 2008).

Petitioner's argument that the trial court breached the plea agreement lacks merit because the trial court sentenced Petitioner, as agreed under the plea agreement, to a minimum sentence of two years.  Further, the sentence was ordered to run concurrently with the breaking-and-entering sentence imposed on March 6, 2008.

As for Petitioner's claim that the prosecutor failed to establish a factual basis for the plea, the record indicates otherwise.  The prosecutor explained at the plea proceeding that Petitioner had stolen the identity of another person to obtain a credit card, which he subsequently used without the other person's permission.  As noted previously, Petitioner did not object to the prosecutor's summary of the facts.  Moreover, even if the prosecutor had failed to establish a factual basis for the plea, "[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes."  *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993)); *see*

14

*also Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975) (stating that "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea").

For the aforementioned reasons, the court concludes that Petitioner's plea was voluntary, knowing, and intelligent.  The court will deny Petitioner's fourth claim.

### E.  The Sentence

Petitioner's fifth claim alleges that his sentence is excessive because he received no credit for time spent in jail prior to sentencing and because his sentence did not begin to run on March 6, 2008, the date of his sentence for the breaking-and-entering conviction.  Petitioner's sixth claim makes the related argument that the Gogebic County Circuit Court erred when it concluded that Petitioner's sentence began to run when he was sentenced for identity theft and obtaining or possessing personal identifying information with intent to commit identity theft on October 30, 2008, and not March 6, 2008.

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, but the Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan* , 501 U.S. 957, 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288  (1983)).  The state trial court in this case merely imposed a sentence at the top end of the range that Petitioner agreed to in the plea agreement. Further, Petitioner's sentence fell within the statutory maximum of five years, and "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.' " *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

15

Petitioner was not promised a sentence that would begin to run on March 6, 2008, the sentencing date in the breaking-and-entering case.  Nor could his sentence have run from that date.  He did not plead no contest in the identity-theft case until October 9, 2008, and he was not sentenced in that case until October 30, 2008.

Finally, as discussed in this court's analysis of Petitioner's first claim, Petitioner was not entitled to jail credit.  Any time spent in jail would have been credited to his sentence in the Jackson County case for which he was on parole when he committed identity theft.

The court concludes that Petitioner's sentence was not excessive or so grossly disproportionate to the crime as to constitute cruel and unusual punishment under the Eighth Amendment.  Consequently, the court will deny Petitioner's fifth and sixth claims.

### F.  The State Courts' Denial of Pauper Status

As previously explained, both the Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's applications for leave to appeal the Gogebic County Circuit Court's decision denying Petitioner's state complaint for writ of habeas corpus.  In his seventh and final claim, Petitioner alleges that the state courts' denial of his application to proceed *in forma pauperis* on state collateral review deprived him of his right of access to the courts.

The contention that some error occurred during state post-conviction proceedings is not cognizable on federal habeas corpus review.  *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002).  As recently explained in *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013),

it would be an unusual intrusion for federal courts to second-guess state procedures for resolving motions once they have been presented. States are independent sovereigns, and the federal government generally speaking should respect their choices about how to adjudicate disputes.

. . . [Federal courts] must instead presume that, once a federal claim comes before a state court, the state judge will use a fair procedure to achieve a just resolution of the claim[.]

*Id.* at 639.

Assuming Petitioner's claim was cognizable on habeas review, Petitioner's claim would fail. The state petition for writ of habeas corpus was a civil action, and Mich. Comp. Laws § 600.2963 requires prisoners to pay the filing fee for their civil actions. If the prisoner is unable to prepay the full filing fee, the state court may direct the prisoner to pay an initial partial filing fee and subsequent payments until the full amount of the filing fee is paid. Mich. Comp. Laws §§ 600.2963(3) and 600.2963(5).

Subsections (3) and (5) of § 600.2963 are comparable to 28 U.S.C. § 1915(b), which requires prisoners to pay for their civil actions in federal court. If the prisoner is unable to prepay the filing fee, he or she must pay an initial partial filing fee and subsequent monthly payments until the entire filing fee is paid. 28 U.S.C. §§ 1915(b)(1) and 1915(b)(2). The United States Court of Appeals for the Sixth Circuit has held that the fee requirements placed on prisoners under § 1915(b) do not deprive prisoners of adequate, effective, and meaningful access to the courts. *See Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997). The court believes the same conclusion holds true for subsections (3) and (5) of Mich. Comp. Laws § 600.2963.

The court will deny Petitioner's seventh claim.

### G.  Motion for an Injunction

17

Petitioner moves separately for an injunction.  The motion alleges that, at a preliminary parole violation hearing held on September 23, 2013, state officials deprived Petitioner of his right to an attorney, his right to present relevant witnesses and documentary evidence, and his right to confront and cross-examine adverse witnesses.  As these and other issues raised in the motion are not directly related to the conviction and sentence under attack, the court finds it unnecessary to decide whether state officials deprived Petitioner of his constitutional rights at the hearing.

The court will deny Petitioner's motion for an injunction.

## IV.  CERTIFICATE OF APPEALABILITY

A "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).  In this case, the court concludes that reasonable jurists would not debate the court's assessment of Petitioner's claims.

Accordingly, the court will deny a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the petition for writ of habeas corpus, [Dkt. # 1], is DENIED.

18

IT IS FURTHER ORDERED that Petitioner's motion for an injunction, [Dkt. #35], is DENIED.

Finally, IT IS ORDERED that a certificate of appealability is DENIED as to all of Petitioner's claim.

                                         s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  January 27, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 27, 2014, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10424.JENKINS.DenyHabeas.rljr.wpd